UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARY GERMAINE CRON

                          Petitioner

      v.                                        06-CR-506

THE UNITED STATES OF AMERICA,

                          Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

On June 13, 2007, Petitioner Mary Cron pled guilty to Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine, in violation of 21 U.S.C. § § 841 and 846. On November 26, 2007, the Court sentenced Petitioner to 84 months imprisonment. On June 13, 2008, Petitioner requested that the Court provide her with the transcripts of her plea and sentencing hearings. Petitioner also submitted an *in forma pauperis* application.

## I. IN FORMA PAUPERIS APPLICATION

To proceed *in forma pauperis*, the applicant must submit an affidavit listing all assets and declaring that the she is unable to pay the filing fees. 28 U.S.C. § 1915(a)(1). To be unable to pay these fees means that paying such fees would constitute a serious hardship on the applicant. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).

Here, Cron's affidavit is contained in her application. She states that she has not received any income in the past twelve months other than the 23 cents/hour she earns in the Danbury Federal Correctional Institution. Application, at 1. She also has $33.90 in her

prison account. Id. at 2.  Otherwise, Petitioner attests that she does not own anything of value.  Id.

Given these statements, the Court finds that payment of the filing fee would cause a substantial financial hardship to Petitioner.  The Court finds that Petitioner sufficiently attested to her financial assets and demonstrated that due to her poverty, she is eligible to proceed *in forma pauperis*.   Therefore, Petitioner may proceed without paying fees for her appeal.

## II.  TRANSCRIPT REQUEST

Petitioner intends to bring an ineffective assistance of counsel claim, presumably under 28 U.S.C. § 2255.  See Application to Proceed In Forma Pauperis, at 1.  Petitioners who submit a Section 2255 motion *in forma pauperis* shall be furnished free transcripts if the Court certifies that the suit is: (1) "not frivolous" and (2) "that the transcript is needed to decide the issue presented."  28 U.S.C. § 735(f).

The requirements for free trial transcript requests are distinct from the requirements for *in forma pauperis* applications.  Linden v. Harper & Row, Inc., 467 F. Supp. 556, 558 (S.D.N.Y. 1979).  It has been held that petitioners proceeding *in forma pauperis* will not be provided transcripts at public expense prior to an appeal.  Toliver v. Community Action Commission to Help the Economy, Inc., 613 F. Supp. 1070, 1072 n.3 (S.D.N.Y. 1985); see also United States v. Horavath, 157 F.3d 131, 132  (2d Cir. 1998) (denying motion for free transcript as frivolous because it is not ripe until the motion has been filed).  It likewise follows that a transcript is not needed to decide an issue until it is presented.

Here, Petitioner has not filed a Section 2255 motion challenging her conviction or sentence.  Without knowing the basis for her Section 2255 motion and, thus, whether it is

frivolous or the transcripts are necessary for her motion, Petitioner's Section 753(f) motion is DENIED without prejudice as premature.

IT IS SO ORDERED.

Dated:   July 8, 2008

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge